UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL SURLES,

        Plaintiff,

v.                        CASE NO. 2:07-CV-13555
                          HONORABLE GERALD E. ROSEN
                          MAGISTRATE JUDGE VIRGINIA M. MORGAN

DONALD ANDISON, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
AND DIRECTING PLAINTIFF TO PROVIDE SERVICE COPIES**

I.     Introduction

Plaintiff Samuel Surles, a Michigan prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of fees and costs for the civil rights action pursuant to 28 U.S.C. § 1915(a). Plaintiff is a state prisoner currently confined at the Straits Correctional Facility in Kincheloe, Michigan. The events giving rise to this action arose while Plaintiff was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. The defendants are identified as Donald Andison, Patricia Caruso, Connie Travino, R. Sands, Payne, C. Hemry, Dinius, David Dulworth, McMurtmi, Schmitz, Mitchell, Face, Hill, Krauss, Thomas K. Bell, F. Niedermeyer, D. Law, Bartlett, Rohly, Lash, Letson, Doug Vasbinder, G. Smoyer, Rick Cutrer, and Barry Davis.

In his complaint, Plaintiff alleges that defendants Andison, R. Sands, D. Law, Mitchell, Payne, McMurtmi, Lash, Dinius, C. Face, Niedermeyer, and Dulworth have confiscated legal

1

documents, have damaged or destroyed legal and religious papers and property, have taken actions to deprive him of access to the courts and to violate his First Amendment rights, have retaliated against him by filing false misconduct charges and transferring him to other prisons, and/or have conspired against him to violate his rights. Plaintiff seeks injunctive relief, declaratory relief, monetary damages, and other appropriate relief.

II.     Application to Proceed without Prepayment of Fees

As noted, Plaintiff has filed an application to proceed without prepayment of the filing fee for this action. Plaintiff originally filed an civil rights action and an application to proceed without prepayment of fees and costs with this Court in 2005 alleging that prison officials confiscated his legal papers and computer tapes. *See Surles v. Andison*, Case No. 05-CV-74534. That case was dismissed without prejudice in 2006 because Plaintiff failed to demonstrate that he had exhausted his administrative remedies. Plaintiff has now filed a new complaint concerning the confiscation of his property and alleges that he has exhausted the administrative process.

The United States Court of Appeals for the Sixth Circuit has held that "when a prisoner refiles a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust ...the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)." *Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006). Because Plaintiff has been required to pay the filing fee (in installments) in Case No. 05-CV-74534 and because his current complaint seems to concern the same confiscation of his property, the Court shall not require him to pay a second filing fee. Accordingly, Plaintiff's application to proceed without prepayment of the filing fee is deemed **moot**.

III.    Civil Rights Complaint

2

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's claims against certain defendants are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Plaintiff's claims against defendants Patricia Caruso, Connie Travino, C. Hemry, Schmitz, Hill, Krauss, Thomas K. Bell, Bartlett, Rohly, Letson, Doug Vasbinder, G. Smoyer, Rick Cutrer, and Barry Davis must be dismissed because Plaintiff has failed to alleged facts demonstrating their involvement in the events giving rise to his complaint. It is well-established

3

that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to the defendants identified above. He has failed to allege facts indicating that those defendants had any personal or direct involvement in the conduct that forms the basis of his complaint. The mere fact that certain of those defendants had supervisory authority over the other defendants, may have been aware of his complaints, or may have denied his grievances is insufficient to state a claim for relief under § 1983. His claims against those defendants must therefore be dismissed.

Having reviewed the complaint and given the liberal pleading standard for *pro se* actions, the Court finds that Plaintiff's claims against the remaining defendants are not subject to dismissal at this time.

IV. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against defendants Patricia Caruso, Connie Travino, C. Hemry, Schmitz, Hill, Krauss, Thomas K. Bell, Bartlett, Rohly, Letson, Doug Vasbinder, G. Smoyer, Rick Cutrer, and Barry Davis. Accordingly, **IT IS ORDERED** that Plaintiff's claims against those defendants are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court further concludes that Plaintiff's claims against the remaining defendants are

not subject to summary dismissal. Plaintiff, however, has not submitted sufficient copies for service upon those defendants. Accordingly, **IT IS ORDERED** that Plaintiff submit **10** additional copies of the complaint to the Court within **30 DAYS** of the filing date of this order so that service may be effectuated.[1] The Court shall provide Plaintiff with one copy of the complaint to assist in this endeavor. This copy should be returned to the Court with the additional copies. Failure to comply with this order may result in dismissal of this action.

    **IT IS SO ORDERED.**


                              s/Gerald E. Rosen
                              Gerald E. Rosen
                              United States District Judge

Dated: March 27, 2008

I hereby certify that a copy of the foregoing document was served upon Samuel Surles and counsel of record on March 27, 2008, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager

---

[1] Plaintiff's Motion for Request for Waiver of Service [Dkt. # 3] is accordingly, denied, as moot.