UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL SURLES, #122260

        Plaintiff,                CIVIL ACTION NO. 07-CV-13555

   vs.                             DISTRICT JUDGE GERALD E. ROSEN

                                    MAGISTRATE JUDGE MONA K. MAJZOUB

DONALD ANDISON, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND [90]**

Plaintiff Samuel Surles, currently a prisoner at the Lakeland Correctional Facility in Coldwater, Michigan, initially filed this action under 42 U.S.C. § 1983 against Defendants Donald Andison, Patricia Caruso, Connie Travino, R. Sands, Payne, C Hemry, Dinius, David Dulworth, McMurtmi, Schmitz, Mitchell, Face, Hill, Krauss, Thomas Bell, F. Niedermeyer, D. Law, Bartlett, Rohly, Lash, Letson, Doug Vasbinder, G. Smoyer, Cutrer, and Barry Davis, alleging that Defendants filed a false major-misconduct report against Plaintiff and that they confiscated his legal papers. (*See* docket no. 1.) Through various orders over the course of the five-and-a-half years that this case has been pending, all of the Defendants have been dismissed with the exception of Defendants Andison, Sands, Payne, Dinius, Dulworth, McMurtmi, Mitchell, Face, Niedermeyer, Law, and Lash. And on January 11, 2013, Defendants notified the Court that Defendant Andison had passed away on April 24, 2012. (Docket no. 87.)

Plaintiff has managed the majority of this matter *pro se*, but on October 31, 2012, the Court

1

appointed counsel to represent him. (Docket no. 83.) Before the Court is Plaintiff's Motion to Amend his Complaint, filed by his newly appointed counsel. (Docket no. 90.) Defendants have not filed a Response. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 74.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motion is now ready for ruling.

**I.     Governing Law**

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id*. (citation omitted). And a court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain

statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Analysis

Plaintiff's Motion for Leave to File Amended Complaint states that (1) in his original complaint, he named several employees of the Michigan Department of Corrections ("MDOC"); (2) since filing his complaint, he learned that one or more of the Defendants has become deceased; (3) "[t]he newly drafted complaint accurately reflects where liability is being alleged and reflects Plaintiff's prayer for relief wherefrom;" and (4) the Court should grant leave freely to amend. (Docket no 90 at 1-2.) Plaintiff's Motion fails to indicate whether he sought concurrence from Defendants with regard to his Motion as required by E.D. Mich. L.R. 7.1(a), and it does not include a supporting brief as required by E.D. Mich. L.R. 7.1(d).[1] Therefore, the Court could deny Plaintiff's Motion on procedural grounds.

But Plaintiff's Motion also fails on substantive grounds. Although Plaintiff's Motion indicates that his proposed Amended Complaint "accurately reflects where liability is being alleged," a review of the Amended Complaint implies that Plaintiff intends to terminate all of the

---

[1] Notably, Plaintiff filed the instant Motion after the Court struck an Amended Complaint filed in violation of E.D. Mich. L.R. 15.1. (*See* docket no. 89.)

3

individual

defendants and add the MDOC as the only Defendant in this matter. Plaintiff has listed the MDOC

as the only Defendant in the case caption, and he indicates as follows:

> 5. Defendant [singular] is the single state agency responsible for the administration of all inmates being housed at the various correctional facilities located throughout the state of Michigan and was acting under color of state law at the time these allegations occurred.
>
> 6. Defendant [singular] is a public entity and is being sued in its official capacity.

(*Id.* at 1, 4.)

As a threshold matter, Plaintiff's proposed Amended Complaint is puzzling. For example,

alleging that Plaintiff is suing a public entity in its official capacity is confused because the logical

inverse implies that a public entity could be sued in its individual capacity. Additionally, Plaintiff's

proposed Amended Complaint includes (by way of example) the following allegations:

> 13. On or about July 7, 2004, Defendant, acting under color of state law, confiscated Plaintiff's legal papers. . . .
>
> . . .
>
> 15. On or about July 17, 2004, Defendant, acting under the color of state law, filed false misconduct reports charging Plaintiff with violating MDOC policies. Defendant also destroyed or confiscated Plaintiff's legal papers.
>
> . . .
>
> 18. On or about October 16, 2004, Defendant sentenced Plaintiff to five days of top-lock detention in retaliation against grievances filed.

(Docket no. 90-1 at 5.) It appears that Plaintiff is referring to acts committed by individuals. Thus,

Plaintiff's Amended Complaint does not "accurately reflect[] where liability is being alleged."

4

Moreover, even if Plaintiff intends to allege that the MDOC committed these acts through its individual agents (without also alleging liability against the individuals), Plaintiff's proposed Amended Complaint against MDOC is futile. The Eleventh Amendment bars "all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," provided the state has not waived its immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute.[2] *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citations omitted). The State of Michigan has not consented to section 1983 civil rights lawsuits filed in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir .2004) (citation omitted). And Congress has not abrogated state sovereign immunity in civil rights actions. *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Consequently, if Plaintiff amended his Complaint as requested, it would not survive under Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 16, 2013  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

---

[2] "A state may, however, [also] lose sovereign immunity . . . where the state is alleged to have acted unconstitutionally." *Vibo Corp., Inc. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). This principle rests on the *Ex Parte Young* exception, which allows suit against state actors for injunctive relief in the case of constitutional violations, but it does not allow for suits against the state or state agencies. *See generally*, *Ex parte Young*, 209 U.S. 123 (1908).

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 16, 2013         s/ Lisa C. Bartlett
                            Case Manager