UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL SURLES, #122260

        Plaintiff,                      CIVIL ACTION NO. 07-CV-13555

    vs.                                 DISTRICT JUDGE GERALD E. ROSEN

                                       MAGISTRATE JUDGE MONA K. MAJZOUB

DONALD ANDISON, et al.,

        Defendants.
_____/

**OPINION AND ORDER LIFTING STAY; ORDERING PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION TO COMPEL [97], MOTION FOR STATUS CONFERENCE [99], MOTION NOT TO TRANSFER CUSTODY [106], AND MOTION TO RECONSIDER MOTION NOT TO TRANSFER CUSTODY [111]; AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ORDER ATTORNEY WILLIAMS TO RETURN DOCUMENTS [110]**

Plaintiff Samuel Surles, currently a prisoner at the Ionia Correctional Facility in Ionia, Michigan, initially filed this action under 42 U.S.C. § 1983 against Defendants Donald Andison, Patricia Caruso, Connie Travino, R. Sands, Payne, C Hemry, Dinius, David Dulworth, McMurtmi, Schmitz, Mitchell, Face, Hill, Krauss, Thomas Bell, F. Niedermeyer, D. Law, Bartlett, Rohly, Lash, Letson, Doug Vasbinder, G. Smoyer, Cutrer, and Barry Davis, alleging that Defendants filed a false major-misconduct report against Plaintiff and that they confiscated his legal papers. (*See* docket no. 1.) Through various orders over the course of the five-and-a-half years that this case has been pending, all of the Defendants have been dismissed with the exception of Defendants Andison, Sands, Payne, Dinius, Dulworth, McMurtmi, Mitchell, Face, Niedermeyer, Law, and Lash. And on

1

January 11, 2013, Defendants notified the Court that Defendant Andison had passed away on April 24, 2012. (Docket no. 87.)

Plaintiff has managed the majority of this matter *pro se*, but on October 31, 2012, the Court appointed Attorney Jarvis E. Williams to represent him. (Docket no. 83.) After participating in a status conference and becoming familiar with the case, on January 27, 2013, Attorney Williams filed a Motion for Leave to File Amended Complaint on Plaintiff's behalf. (Docket no. 90.) On May 16, 2013, the Court denied Plaintiff's Motion, finding that "if Plaintiff amended his Complaint as requested, it would not survive under Fed. R. Civ. P. 12(b)(6);" and the matter would have been dismissed in its entirety. (Docket no. 91 at 5.)

In July 2013, Plaintiff began filing several motions on his own behalf, stating that he wished to appear as his own co-counsel. (Docket nos. 92, 93, and 94.) The Court struck these documents because "an individual has no right to hybrid representation, that is, a right to be heard both in person and by attorney." (Docket no. 95 at 1 (citations and quotations omitted).) On September 30, 2013, Plaintiff filed two additional motions on his own behalf, both of which are still pending: a Motion to Compel Discovery (docket no. 97) and a Motion for Status Conference Hearing regarding a Proposed Settlement Agreement (docket no. 99). On December 12, 2013, Defendants filed a Motion for Summary Judgment. (Docket no. 101.) Plaintiff has not filed a Response.

Aside from his futile Motion for Leave to File Amended Complaint, Attorney Williams made no progress in this matter. On February 26, 2014, Plaintiff sent a letter to the Court indicating that he and Attorney Williams had not agreed on the proper course of action. (*See generally* docket no. 102.) On March 27, 2014, the Court contacted Attorney Williams to inquire as to the status of the case. Attorney Williams informed the Court that he and Plaintiff "were not seeing eye to eye" and

that he would contact Plaintiff to determine how to move forward. On April 17, 2014, with no response from Attorney Williams, the Court ordered him to show cause for his failure to respond to Defendants' Motion for Summary Judgment. (Docket no. 103.) Again, Attorney Williams failed to respond, so the Court removed him on May 2, 2014.

On June 18, 2014, Plaintiff filed a Motion to Stay (docket no. 105) and a Motion Not to Transfer Plaintiff to Another Prison (docket no. 106). Plaintiff was transferred from the Lakeland Correctional Facility to the Ionia Correctional Facility on July 22, 2014. (*See* docket no. 109.) On July 30, 2014, the Court granted Plaintiff's Motion to Stay while the Court sought counsel for Plaintiff (docket no. 108). In its Order, the Court noted that "[i]f the Court is unable to secure counsel by October 3, 2014, the Court will order Plaintiff to proceed on his own and respond to Defendants' Motion for Summary Judgment." The Court further noted that it would "reserve its decision on the other pending Motions in this matter until the stay is lifted." (*Id.* at 2-3.) On October 16, 2014, Plaintiff filed two additional Motions: a Motion to Order Attorney Williams to Return Documents to Plaintiff (docket no. 110); and a Motion for Reconsideration of his Motion not to Transfer Plaintiff to Another Prison (docket no. 111).

**I.    Stay of Proceedings and Plaintiff's Response to Defendants' Motion for Summary Judgment**

Defendants filed their Motion for Summary Judgment in December 2013. At the time, Plaintiff was represented by counsel. Acknowledging that Plaintiff and Attorney Williams were unable to come to an understanding with regard to Plaintiff's representation, the Court took steps in an attempt to secure new pro bono counsel for Plaintiff and stayed this matter, at Plaintiff's request, while it attempted to do so. The Court has been unable to secure new Counsel for Plaintiff.

3

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'"). Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process. Therefore, the Court will lift the stay in this matter and order Plaintiff to proceed *pro se*. Additionally, the Court will order Plaintiff to respond to Defendants' Motion for Summary Judgment on or before February 6, 2015.

**II.     Plaintiff's Motion to Compel [97]**

Plaintiff's Motion to Compel seeks an order requiring Defendants Payne, Niedermeyer, and Lash to respond to Plaintiff's First Set of Interrogatories and requiring Defendants' counsel to "provide Plaintiff . . . a complete listing of Defendant Donald Andison's Estate, including all personal properties, personal bank accounts; Life Insurance; Retirement Benefits; Real Property; houses, cars, bonds, etc." (Docket no. 97 at 1-2, 3.)  In support of his Motion, Plaintiff asserts that his First Set of Interrogatories was served on Defendants "Around September 5, 2012." (*Id.* at 5.) It appears that Defendants did receive Plaintiff's Interrogatories because they sought an extension

4

of time to respond. (Docket no. 78.) On October 25, 2012, the Court granted Defendants' Motion, giving them an additional 30 days to respond. Plaintiff asserts that Defendants have still not responded.

Regardless of whether Defendants responded, the Court is unable to make a proper determination on Plaintiff's Motion because Plaintiff did not "include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. L.R. 37.2. Plaintiff's error is fatal because the Court is unable to determine the scope of his requests. Therefore, the Court will deny Plaintiff's Motion without prejudice.

### III. Plaintiff's Motion for Status Conference Hearing Plaintiff's Proposed Settlement Agreement [99]

In Plaintiff's Motion, he requests that the Court hold a status conference between himself and the Estate of Defendant Andison, who passed away in April 2012. (Docket no. 99.) Plaintiff's proposed settlement agreement avers that because Defendant Andison passed away, he cannot personally rebut the allegations in Plaintiff's Affidavit of Truth; thus, Plaintiff contends, "Defendant Donald Andison is an (sic) assent that Plaintiff's allegations are true." (*Id.* at 2.) Plaintiff is incorrect. And although Defendant Andison is deceased, he is still represented by counsel in this matter, and counsel has not given any indication that the estate is interested in discussing a settlement. As this case progresses, the Court will consider holding a settlement conference if the parties indicate that a conference would be helpful in resolving the matter. Plaintiff's instant Motion, however, will be denied.

5

**III.    Plaintiff's Motion Not to Transfer Plaintiff Custody to Another Prison [106], and Plaintiff's Motion to Reconsider Plaintiff's Motion Not to Transfer Plaintiff Custody to Another Prison [111]**

Plaintiff's initial Motion Not to Transfer sought to block his transfer from Lakeland Correctional Facility without permission of the Court.  (Docket no. 106.)  Filed on June 18. 2014, Plaintiff's Motion will be denied as moot because he was transferred to Ionia Correctional Facility in July 2014.

Plaintiff then filed his Motion to Reconsider, in which he asks the Court to block his transfer from Ionia Correctional Facility.  (Docket no. 111.)  As a threshold matter, Plaintiff's fear that he will be transferred to another facility is unsubstantiated as he has not provided any evidence to suggest that he will be transferred to another facility other than his own speculation.  Moreover, the substance of Plaintiff's argument is that the library and the conditions at Ionia are insufficient to meet his needs when compared to the facilities at Lakeland; thus, it is unclear how Plaintiff would be injured by any additional transfer.  (*See id.*)

More importantly, though, the Sixth Circuit has stated that prison transfers are not evidence of an adverse action that would deter a person of ordinary firmness from engaging in protected conduct, absent aggravating circumstances.  *Hix v. Tennessee Dep't of Corr.*, 196 Fed. App'x 350, 358 (6th Cir. 2006).  And more specifically, a prisoner has no protected right to remain incarcerated at a particular institution.  *Id.*; *Jewell v. Leroux*, 20 Fed. App'x 375, 377-78 (6th Cir. 2001).  Thus, absent any evidence to suggest that Plaintiff would experience more burdensome conditions at another institution, Plaintiff's Motion will be denied.

**IV.    Plaintiff's Motion to Order Attorney Jarvis E. Williams to Return Documents to Plaintiff [110]**

6

In his Motion, Plaintiff asserts that Defendants' Motion for Summary Judgment was mailed to Attorney Williams and that he does not yet have a copy of the Motion. (Docket no. 110 at 1.) Therefore, he asks that the Court Order Attorney Williams to turn over to Plaintiff a copy of the Motion. (*Id.*) Alternatively, Plaintiff asks that the Court mail him a copy of the Motion "and any other documents filed with this Court he did not receive." (*Id.* at 2.) The Court will mail Plaintiff a copy of Defendants' Motion for Summary Judgment. To the extent that Plaintiff has not received any other items in the docket, the Court has no way to make such a determination. Plaintiff has a copy of the docket. If there are any additional items that he has not received due to Attorney Williams's representation, Plaintiff can contact the Court to request such documents.

**IT IS THEREFORE ORDERED** that the stay in this matter is lifted.

**IT IS FURTHER ORDERED** that Plaintiff must respond to Defendants' Motion for Summary Judgment on or before February 6, 2015.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [97], Motion for Status Conference [99], Motion Not to Transfer Custody [106], and Motion to Reconsider Motion Not to Transfer Custody [111] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Order Attorney Williams to Return Documents [110] is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's request for the Court to order Attorney Williams to send him a copy of Defendants' Motion is denied. The Court will, however, provide Plaintiff with a copy of Defendants' Motion along with this Opinion and Order.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  December 4 , 2014            s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Plaintiff and Counsel of Record on this date.

Dated: December 4, 2014              s/ Lisa C. Bartlett
                                     Case Manager