UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL SURLES,

        Plaintiff,                                          No. 07-CV-13555

vs.                                                             Hon. Gerald E. Rosen

DONALD ANDISON, et al.,

        Defendants.
_____/

MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

                        At a session of said Court, held in
                        the U.S. Courthouse, Detroit, Michigan
                        on July 13, 2015

                    PRESENT:  Honorable Gerald E. Rosen
                                   Chief Judge, United States District Court

      This prisoner civil rights matter is before the Court on the April 2, 2015 Report and Recommendation of United States Magistrate Judge Mona K. Majzoub, recommending that the Court (1) grant Defendants' Motion for Summary Judgment; (2) deny Plaintiff's Counter- Motion for Summary Judgment; (3) deny as moot Plaintiff's Motion for Order to Show Cause; (4) deny Plaintiff's Motion to Delay Consideration of Defendants' Motion; and (5) dismiss Plaintiff's Complaint,

1

in its entirety. Plaintiff was served with the Magistrate Judge's Report and Recommendation on April 6, 2015, and timely filed Objections on April 18, 2015.

Having reviewed and considered the Magistrate Judge's Report and Recommendation, Plaintiff's Objections thereto, and the entire record of this matter, in a light most favorable to the non-moving party (Plaintiff), the Court concludes that, for the reasons stated by the Magistrate Judge, this case should be dismissed, in its entirety. The Court further finds that Plaintiff's proposed amendments to his Complaint would not sufficiently correct the underlying deficiencies in the Complaint so as to comply with Fed. R. Civ. P. 8(a) and survive a Rule 12(b)(6) Motion to Dismiss. Accordingly, the Court overrules Plaintiff's Objections and adopts Magistrate Judge Majzoub's Report and Recommendation, without modification. The Court issues this Memorandum Opinion to address Plaintiff's objections and to clarify for Plaintiff why summary judgment is granted to the Defendants.

In his Objections to the Magistrate's Report and Recommendation, Plaintiff alleges a number of procedural and factual errors. First, Plaintiff alleges (repeatedly) that, in making her determination, Magistrate Judge Majzoub did not consider Plaintiff's proffered evidence. [*See* Dkt. # 19, Plaintiff's Objection 1 at p. 2; Objection 2 at pp. 6- 7; Objection 3 at p. 8; and Objection 8 at p. 27]. However, Magistrate Judge Majzoub specifically stated in the R&R that all pretrial matters

had been considered, [R&R, Dkt. No. 118 at 2], and in making a dispositive ruling, a judge is under no obligation to mention every allegation or piece of evidence individually.

Plaintiff also contends the Court should not hold him to the same standards as an attorney since he is representing himself in this matter. [*See* Plaintiff's Objection 2 at 7; Objection 7 at 18, 24- 26]. In support of his argument, Plaintiff cites numerous cases that call for a lenient interpretation of a complaint to allow cases to move forward. However, adherence to the Federal Rules of Civil Procedure is necessary to ensure speedy trials, fairness to all parties, and an effective use of resources, and they cannot simply be ignored for any party. Fed. R. Civ. P. 1.    The Court was lenient and generously allowed Plaintiff discovery, in spite of the Complaint's flaws. Yet, discovery closed in November of 2013, and the flaws in the Complaint still have not been corrected. Although Plaintiff believes discovery should continue, [Plaintiff's Objection 2 at 7, and Objection 12 at 34], discovery cannot go on indefinitely.

As Magistrate Judge Majzoub so clearly stated, a movant may be granted summary judgment if the movant shows that the non-moving party failed to produce adequate evidence to properly establish his claims. *See* R&R at 7- 8; Fed. R. Civ. P. 56(c)(3); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Although Plaintiff objects to summary judgment being entered in favor of Defendants

claiming that Defendants have not met their burden of producing sufficient evidence to support their arguments, [Plaintiff's Objection 2 at 4; Objection 4 at 13; Objection 5 at 14; Objection 7 at 23; and Objection 8 at 27], in deciding a motion for summary judgment, the sufficiency of the *movant's* evidence is not the issue. Defendant's Motion here is granted because *Plaintiff* failed to produce evidence that establishes (1) that harm was done and (2) connects that harm to the Defendants. Such evidence is necessary to establish a valid of claim of denial of access to the courts in the first place.

Plaintiff also disputes the Magistrate Judge's determination that his claim of denial of access to the courts did not comport with Fed. R. Civ. P. 8(a). [Plaintiff's Objection 7 at 18- 23]. In his Complaint, Plaintiff alleged that Defendants confiscated his legal documents and violated his constitutional rights by allegedly delaying or preventing him from accessing the court system. To have complied with Rule 8(a) required Plaintiff to "plead[] the 'underlying cause of action and its lost remedy . . . by allegations . . . sufficient to give fair notice to the defendant.'" *See* R&R at 10 (quoting *Chirstopher v. Harbury*, 536 U.S. 403, 416, 417-18 (2002). To meet this requirement, a plaintiff is required to show (1) the loss of a nonfrivolous and arguable claim that is "more than a mere hope;" (2) the defendant's acts that caused the loss of the claim; and (3) a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be

4

brought. *Christopher* at 415-16; *see also Clark v. Johnston*, 413 F. App'x. 804, 816 (6th Cir. 2011). However, Plaintiff failed to allege a specific, separate legal claim or court case that has been frustrated (harmed) as a result of Defendants' alleged conduct; failed to allege how Defendants' conduct delayed or prevented (harmed) said claim or court case; failed to allege that the legal claim was a protected right under which Plaintiff could sue; and (4) failed to allege that Plaintiff would be able to sue under this claim in the future, or that he lost his ability to sue and now seeks a remedy to compensate him for that loss. Merely alleging that Plaintiff could not access the court system because Defendants took legal documents is not enough to establish a valid claim in compliance with Fed. R. Civ. P. 8(a) this far along in the proceedings.

Plaintiff also contends that the misconduct reports against him were not only filed in retaliation, but were also based on false information. [Objection 8 at 27-28]. However, as Magistrate Judge Majzoub explained, Plaintiff cannot succeed with a retaliation claim based on an allegation of false misconduct reports where he had already been found guilty of the violations alleged in the reports. R&R at 12; *see also Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005). It is not disputed that Plaintiff was found guilty of all of the violations alleged in his misconduct reports.

Plaintiff further alleges Defendant Andison threatened to transfer him to another prison facility, and that Magistrate Judge erred in not recognizing Andison's threat as sufficient to establish a retaliation claim. [Objection 9 at 28-29]. In support, Plaintiff cites cases from the Ninth Circuit finding that allegations that a prison official threatened to transfer an individual to another prison are enough to make out a claim for retaliation. *Id*.

Putting aside for the moment the non-binding nature of the Ninth Circuit authority Plaintiff relies upon, as Magistrate Judge Majzoub found, prisoners have no protected right to remain in any specific facility, and prison transfers require foreseeable, negative consequences in order for such transfers to establish a retaliation claim. [R&R at 12-13]. Plaintiff, however, does not allege that he was harmed in any way as a result of his transfer. Thus, even if he had a protected right, his claim still would not succeed. Furthermore, the record shows that Plaintiff himself *requested* the prison transfer six months prior to being transferred. His willingness and preference to transfer prisons suggests Surles did not suffer any negative consequences as a result of the transfer.

Plaintiff also objects that Defendants should not be deemed entitled to the protections of qualified immunity. [Objection 10 at 29]. However, the Magistrate Judge recommended dismissing the case *on the merits*, and, therefore, found it unnecessary to rule on qualified immunity.

Finally, Plaintiff believes he should be allowed to amend his Complaint *id.*, Objection 2 at 7; Objection 7 at 26, but after reviewing the complete record, including Plaintiff's Objections to the Magistrate Judge's Report and Recommendation in which Plaintiff added new cases and additional information to support his claims, the Court finds that Plaintiff does not suggest any new evidence that would correct the deficiencies found in his Complaint. Therefore, amending his Complaint as proposed would be futile.

Plaintiff also objects to the Defendants' allegation that he admitted he exhausted his administrative remedies, and avers that he made no such admission. [Objection 11 at 30]. However, Defendants did not claim that Plaintiff affirmatively admitted anything. Instead, Defendants' failure to exhaust argument was based on Plaintiff's failure to answer a Request for Admission, which, pursuant to Fed. R. Civ. P. 36(a)(3), is *ipso facto* treated as if he had admitted the answer as true.

Plaintiff does not dispute his failure to respond to the Request for Admission. Rather he claims he never received the Requests because he was represented at the time by ineffective counsel. Thus, he contends that he should not be held accountable for having failed to respond. (Objection 11 at 30, Objection 12 at 32- 35).

However, the Court corrected the matter of "Ineffective Assistance of Counsel" when it temporarily stayed proceedings, then allowed Plaintiff Surles to represent himself, gave Plaintiff time to request documents he had not received, and gave him two months to respond to the Motion for Summary Judgment.

In their Motion for Summary Judgment, Defendants cited Plaintiff's failure to respond to the Request for Admission as a basis for the granting them summary judgment. [See Dkt. No. 101 at 18-21]. The record shows that Plaintiff had ample opportunity after receiving the Motion for Summary Judgment to ask the Court for another copy of the Request for Admission, had he not already received it, yet Plaintiff never did so. In fact, he never even *mentioned* that he had not received the Request for Admissions until April 27, 2015, i.e., well after the Magistrate Judge issued her Report and Recommendation, when he filed his objections to the R&R. As such, the Court believes Plaintiff had enough time to correct any mistakes, and does not consider "Ineffective Assistance of Counsel" argument a sufficient basis for rejecting the Magistrate Judge's Report and Recommendation in this civil action.

Accordingly, for the reasons stated by the Magistrate Judge and the reasons stated herein, and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of April 2, 2015 **[Dkt. No. 119]** be, and hereby is, adopted by this Court.

IT IS FURTHER ORDERED that, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Defendants' Motion for Summary Judgment **[Dkt. No. 101]** be, and hereby is, GRANTED, and Plaintiff's Motions for Order to Show Cause, to Delay Consideration of Defendants' Motion, and for Summary Judgment **[Dkt. Nos. 113, 114, and 115]** are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED in its entirety with prejudice.

Let Judgment be entered accordingly.


Dated: July 13, 2015          s/Gerald E. Rosen
                                             Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2015, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                       Case Manager, (313) 234-5135